Joseph Harris, J.
The Board of Trustees of the Village of Menands, by Resolution dated January 17, 1977, appointed the individual respondents to be inspectors of election for village elections. There is no dispute that said respondents are generally qualified to hold such office.
Petitioners are enrolled Democrats, whose names were submitted to the Village Clerk of the Village of Menands jointly by the chairman of the Menands Democratic Party and the chairman of the Democratic Committee of the Town of Colonie, in which town the Village of Menands is located, as the “official designees” of the Democratic Party for the offices of inspector of election and election clerk for village elections in the Village of Menands. Petitioners too are generally qualified to hold such offices.
Petitioners contend that the board of trustees was required in appointing inspectors of election and election clerks to give equal representation to the two major political parties in this State, namely, the Democratic and the Republican Parties. Concededly, this was not done. Respondents contend that, under the circumstances of the instant case, there is no legal requirement for such major political party representation.
Further, the petitioners contend that not only is equal *557 representation for the two major political parties required in the selection of the election officials involved here, but that the persons appointed to these offices to represent the respective two major parties are not within the discretion of the village trustees but must be designated by the governing body of the major political party represented. This latter question need be reached only if there is an affirmative answer to the threshold question of whether in the instant case equal representation for the two major political parties in the selection of inspectors of election is required.
The initial argument of the petitioners is based on the following language and mandate of section 8 of article II of the New York State Constitution: "All laws creating, regulating or affecting boards or officers charged with the duty of registering voters, or of distributing ballots to voters, or of receiving, recording or counting votes at elections, shall secure equal representation of the two political parties which, at the general election next preceding that for which such boards or officers are to serve, cast the highest and the next highest number of votes.”
However, this section of the Constitution specifically goes on to recite: "This section shall not apply to town, or village elections.”
Thus with respect to village elections, the case here, the Legislature is free to set up a system different from that described in the above-quoted constitutional section.
Village elections are governed by article 17 of the Election Law. The section thereof governing the instant case is section 514. Subdivision 1 thereof, reads as follows:
"§ 514. Inspectors of election.
"1. The board of trustees shall, by resolution at least forty days prior to a general village election appoint two or four inspectors of election for each village election district. Such resolution shall fix the compensation of the inspectors and designate a chairman. In addition, the board of trustees may provide for alternative inspectors who shall assume the office of inspector upon the inability or refusal of an inspector to assume or perform his duties and for any clerical help which they may deem necessary. Such clerical help shall perform their duties under direction and control of the inspectors of election. It shall be the duty of the inspectors of election to preside at all village elections in the district for which they were appointed until their successors are appointed. If at any *558 general village election, the two political parties which received the highest number of votes for governor state-wide at the last general election nominate a candidate or candidates for elective village office then at the next village election following the election for which the nomination is made the inspectors of election shall be appointed equally from enrolled members of such parties. Such equal representation shall be required only as long as such parties nominate a candidate or candidates for elective village office. In those elections in which both such political parties do not nominate candidates, any qualified person may serve as an inspector of election. ” (Emphasis added.)
Section 514 was enacted by the Laws of 1972. Its predecessor was section 4-424 of the Village Law. This allowed a village board of trustees to appoint inspectors of election for village elections in all cases without regard to representation for political parties. Section 514 of the Election Law re-enacts the substance of section 4-424 of the Village Law, except that in the special case, and that case alone, where both of the two major political parties run candidates for village office, then the inspectors of election must be appointed equally from enrolled members of the two major political parties.
Petitioners and respondents have stipulated that in the last preceding village election in the Village of Menands, held in March, 1976, and in the current village election to be held in March, 1977, candidates for village offices were and have been nominated by the Democratic Party but not by the Republican Party.
The triggering mechanism of section 514 that calls into play the requirement for equal representation for the two major political parties in the appointment of inspectors of election is the confluence of action by both of the two major political parties in nominating candidates for village office. Where, as in the instant case, only one of the two major political parties nominates candidates for village office but the other major political party does not, the mechanism is not activated, and the village board of trustees may appoint "any qualified person” to serve as an inspector of election, without regard to representation for the major political parties.
The language of section 514 is quite clear to this effect. It is further buttressed by the comments of the Office for Local Government contained in the bill jacket of article 17 of the Election Law pertaining to village elections: "3. Present Vil *559 lags Law, Section 4-424 allows the village board of trustees to appoint inspectors of election. It is re-enacted as Election Law, 514, but it is qualified so that if two major political parties run candidates for village office, then the inspectors of election must equally represent the two major political parties. Whether this is desirable in village elections appears to be debatable since most villages appear to elect independent candidates who are not indentified with either major party.”
The Village Election Handbook, published in January, 1977, by the New York Conference of Mayors and Municipal Officials, summarizes the partisan representation provisions of section 514 as follows: "For other villages [i.e., all villages other than those in Nassau County], the rules are somewhat different. These rules appear in paragraph 1 of 514 (15-116) and states [sic] that if at any general village election the two political parties which received the highest number of votes for governor statewide at the last general election nominate a candidate or candidates for elective village office, then at the next village election following the election for which the nomination was made, the inspectors of election shall be appointed equally from enrolled members of such parties. This equal representation shall be required only so long as both parties , nominate a candidate or candidates for elective village offices. In those elections in which both political parties do not nominate candidates, any otherwise qualified person may then serve as an inspector of election. Simply stated, this law requires that if the two major political parties, that is Republican and Democrat, nominate a candidate or candidates at any village election, then at the next village election, those two parties must be equally represented on the board of inspectors.”
Subdivision 2 of section 514 makes a special exception for villages in Nassau County and in that county only and provides for equal partisan representation for the two major political parties in the selection of inspectors of election in all cases: "Inspectors appointed to serve in village election districts for a village election in the county shall be equally divided between the two political parties which at the last general election cast in such village had the highest and next highest number of votes.”
If the Legislature wanted partisan representation in the selection of inspectors of election for village elections to be triggered by the action of one of the two major political *560 parties alone in nominating candidates for village office, rather than requiring both parties to run candidates before partisan representation was to be required, it could have done so in simple terms. It had the opportunity to do so in 1972 when section 514 was originally enacted. Interestingly, the entire Election Law has been recodified by the Laws of 1976, effective December 1, 1977. Section 15-116 is the successor statute to section 514 and contains substantially the same language as section 514. This was another opportunity for the Legislature to adopt the view of the petitioners. Again, it did not see fit to do so.
Petitioners decry the fact that the calculated inaction of a major political party that controls a village in the guise of a "nonpartisan” label, and thus does not need to run candidates under its own partisan label, can defeat the desire of the other major political party to have inspectors of election of its own choosing. This court can sympathize with this view but is constrained by the law. The Legislature in its wisdom, or otherwise, enacted section 514 and had the power to do so. Clearly, section 514 requires partisan representation in the selection of inspectors of election in village elections only where both of the two major political parties nominate candidates. The petitioners must seek redress of their grievances not in this forum, but in the chambers of the State Legislature, or in the political arena.
Upon the facts of this case, and the law, the petition herein must be and hereby is dismissed, and the stay contained in the order to show cause signed February 24, 1977, is vacated.